# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-582V
Filed: August 17, 2018
UNPUBLISHED

| | |
|---|---|
| DEEKI SINHA,<br><br>                      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                      Respondent. | Special Processing Unit (SPU); Failure to Prosecute; Failure to Follow Court Orders; Dismissal; Tetanus Diphtheria acellular Pertussis (TDaP) Vaccine; Shoulder Injury Related to Vaccine Administration (SIRVA); |

*Ronald Craig Homer, Conway, Homer, P.C., Boston, MA,* for petitioner.
*Colleen Clemons Hartley, U.S. Department of Justice, Washington, DC,* for respondent.

## DECISION[1]

**Dorsey**, Chief Special Master:

      On May 1, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program ("the Program"), 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of her June 30, 2015 Tetanus Diphtheria acellular Pertussis ("TDaP") vaccination. Petition at 1. The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters

      **I.**      **Relevant Procedural Background**

      Between May 4, 2017 and June 30, 2017, petitioner filed medical records and affidavits in support of her claim. *See* Exhibits 1-20 (ECF Nos. 7-9, 14).

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On January 5, 2018, respondent filed a Rule 4(c) Report recommending that entitlement to compensation be denied in this case.  (ECF No. 25.)  Specifically, respondent argues that petitioner failed to establish that she suffered a Table Injury, arguing that there is insufficient evidence that petitioner suffered a SIRVA within 48 hours of her TDaP vaccination.  (*Id.* at 5 *citing* 42 C.F.R. § 100.3(a)(I)(C).)  Respondent further argues that, alternatively, petitioner failed to establish that her SIRVA was actually caused by the TDaP vaccine.  (*Id. citing* 42 U.S.C. § 300aa-11(c)(1)(C)(ii).)  Thereafter on March 26, 2018, pursuant to the undersigned's Orders, petitioner filed a second supplemental affidavit, Exhibit 22, in support of her case.  (ECF No. 30.)

Subsequently, a telephonic status conference was held on April 20, 2018 with Lauren Faga appearing on behalf of petitioner, Colleen Hartley appearing for respondent, and the OSM staff attorney managing this case appearing on behalf of the undersigned.  (Minute Entry docketed April 20, 2018.)  The purpose of the call was to discuss further proceedings to resolve this case. (ECF No. 33 at 1.)  Respondent's counsel indicated a Fact Hearing was the necessary next step, and petitioner's counsel was amenable to scheduling a hearing.  (*Id.*)  Respondent's counsel requested petitioner file any additional evidence in regard to the onset of petitioner's injury, and petitioner's counsel agreed to file a status report within 30 days indicating what if any additional evidence would be filed, and any additional evidence 30 days thereafter.  (*Id.*)  Thereafter, the OSM staff attorney provided the parties' counsel, by email communication, dates the court was available for a Fact Hearing, and Ms. Hartley provided respondent's availability.  (*Id.*)  On May 21, 2018, petitioner's counsel filed a status report indicating that "she has contacted petitioner on several occasions in order to discuss her case and the items discussed during the April 20, 2018 status conference" but continues to await a response from petitioner. (ECF No. 32.)  Thereafter, on May 23, 2018, undersigned ordered petitioner to file a status report by no later than June 22, 2018 providing her availability for a Fact Hearing, and whether any additional evidence is available in regard to the onset of petitioner's injury.  (ECF No. 33 at 2).  If petitioner's counsel was unable to communicate with petitioner, the undersigned ordered counsel to provide a detailed report of counsel's attempts to communicate with petitioner.  (ECF No. 33 at 2).

Petitioner's counsel filed a status report on June 22, 2018 indicating counsel attempted to contact petitioner numerous times subsequent to the April 20, 2018 status conference to discuss this case and was unsuccessful.  Status Report filed June 22, 2018. (ECF No. 34.)  Specifically, counsel engaged in email correspondence with petitioner on April 23 and 24, 2018 and scheduled a telephone conference for April 30, 2018 with petitioner to discuss her case.  (*Id.* at 2.)  Petitioner's counsel was unable to reach petitioner on April 30, 2018 at the scheduled time and petitioner did not return counsel's telephone call.  (*Id.*)  Thereafter petitioner's counsel unsuccessfully attempted to reach petitioner by telephone and/or or email on May 1, 2018, May 3, 2018, May 9, 2018, May 17, 2018, May 23, 2018, May 25, 2018,[3] May 31, 2018, and June 22, 2018.

---

[3] Petitioner's counsel reports that her paralegal called petitioner on May 25, 2018 and spoke with petitioner who indicated she was not available to speak at that time, but indicated she would be available at 3:00pm.  Petitioner's counsel called petitioner on May 25, 2018 at 3:00pm and was unable to reach petitioner leaving a voicemail. (ECF No. 34 at 3.)

2

(*Id.* at 2-4.)  Additionally, petitioner's counsel sent letters via Federal Express to petitioner at her home address requesting petitioner contact counsel's office on May 21, 2018, June 6, 2018, and June 18, 2018.[4]  (*Id.* at 3-4.)  Petitioner's counsel requested an additional 30 days to attempt to contact petitioner and "ascertain how she wishes to proceed with her claim in the National Vaccine Injury Compensation Program." (*Id.* at 4.)

On July 3, 2018, petitioner the undersigned issued an Order to Show Cause why petitioner's claim should not be dismissed for failure to prosecute.  (ECF No. 35).  On August 3, 2018, petitioner's counsel filed a response to the undersigned's Order to Show Cause indicating that counsel has yet to receive a "response from petitioner regarding her intentions to proceed with her claim in the Vaccine Program." (ECF No. 36 at 1.)

Petitioner's counsel reports attempts to communicate with petitioner on numerous occasions between the filing of counsel's June 22, 2018 status report and August 3, 2018 to discuss the undersigned's Order to Show Cause and determine how petitioner wishes to proceed with her case.   On June 25, 2018, petitioner's counsel was notified by Federal Express that they had a new address for petitioner and forwarded counsel's letter[5] to that address; the letter was delivered on June 26, 2018.  (*Id.* at 2.)  On July 6, 2018 petitioner's counsel sent petitioner a letter which included the undersigned's Order to Show Cause via certified United States Post Service ("USPS") mail to both the original address in counsel's file for petitioner and the new address provided by Federal Express. (*Id.*)  USPS tracking indicates that these letters were received and signed for on July 9, 2018 and July 11, 2018, respectively. (*Id.*)  Petitioner's counsel contacted petitioner's primary care provider's office on July 13, 2018 to gather any information on petitioner's location or possible relocation, however petitioner's primary care provider was unable to share any information.  (*Id.* at 2-3.)

Petitioner's counsel emailed petitioner with a copy of the undersigned's Order to Show Cause on the following dates:  July 13, 2018, July 19, 2018, July 23, 2018, August 1, 2018 and August 3, 2018.  (*Id.* at 3.)  On August 3, 2018, petitioner also placed a telephone call to petitioner who answered the call and stated she had not received any correspondence. (*Id.* at 3.)  Petitioner confirmed with counsel her address as the updated address that counsel had for petitioner, the same address previous correspondence was confirmed received by USPS and Federal Express.  During their telephone conversation, petitioner reported that she located counsel's most recent email and noted the attached Order to Show Cause.  (*Id.* at 3-4.)  However, petitioner did not indicate how she wishes to proceed with her case, and specifically did not indicate if she was available for a Fact Hearing, or whether there was any additional evidence

---

[4] Petitioner's counsel reports that the tracking information for the May 21, 2018 letter indicates it was delivered and signed for on May 24, 2018 by "S Sinra;" the tracking information for the June 6, 2018 letter indicates it was delivered (a signature was not required) on June 8, 2018; and the tracking information for the June 18, 2018 letter indicates that delivery was attempted on June 20, 21, and 22, 2018 however the "customer was not available or business closed" and the letter held for pick up.  (ECF No. 34 at 3-4.)

[5] Presumably, counsel is referring to the June 18, 2018 letter that was held for pickup. (*See* FN 4.)

available in regard to the onset of her injury.  (*Id.* at 4.)  Petitioner's counsel advised petitioner that if a response was not provided by petitioner, petitioner's claim would be dismissed.  Petitioner indicated to counsel she would provide a response by email to counsel by the end of the day on August 3, 2018.  (*Id.*)  However, petitioner failed to communicate with counsel regarding how she intends to proceed in this case.  (*Id.*)  Notwithstanding, answering counsel's telephone call on August 3, 2018, petitioner has not responded to petitioner's counsel's many attempts to reach her to discuss her case by telephone, email, or letter and has failed to respond to the undersigned's May 23, 2018 Order and July 3, 2018 Order to Show Cause.  (*Id.*)

The undersigned notes that no further response to her Order to Show Cause has been filed.

## II.     Failure to Prosecute

It is petitioner's obligation to follow and respond to court orders and non-compliance is not favorably considered.  The undersigned finds that petitioner has knowingly failed to respond to multiple court orders.  Failure to respond to a court order because petitioner has failed to stay in contact and/or communicate with counsel is deemed noncompliance with a court order, and noncompliance will not be tolerated.  As the undersigned advised petitioner in the July 3 2018 Order to Show Cause, failure to follow court orders, and specifically in this case the failure to file a response by August 3, 2018, will result in dismissal of petitioner's claim. *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), *aff'd*, 991 F.2d 810 (Fed. Cir. 1993) (per curiam), ("Controlling precedent considers dismissal appropriate when failure to act is deemed willful, when it is in violation of court orders, when it is repeated, and when clear warning is given that the sanction will be imposed."); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996) ("Not only did petitioner fail to meet the court's . . . . deadline, but he also ignored the chief special master's 'warning' order, clearly placing petitioner on notice that failure to respond to the court's order . . . , would result in dismissal of the claim. The chief special master clearly did not abuse his discretion in dismissing this case for failure to prosecute."); Vaccine Rule 21(b) ("The special master or the court may dismiss a petition or any claim therein for failure of the petitioner to prosecute or comply with these rules or any order of the special master or the court.").

## III.    Conclusion

Petitioner has failed to support her claim by her refusal to communicate with her attorney or assist counsel in the prosecution of her claim, or to respond to the Order to Show Cause.

Accordingly, this case is DISMISSED for failure to prosecute. The clerk shall enter judgment accordingly. [6]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.